IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Justin Suico, <br>     Plaintiff, <br><br> vs. <br><br> Alpha Recovery Corp. <br> Serve at: <br> Frank Woodhouse Jr or Employee <br> 6912 S Quentin St, Ste 10 <br> Centennial, CO 80112 <br>     Defendant, | Case No.: <br><br> Div. No.: <br><br><br> **JURY TRIAL DEMANDED** |

## PETITION FOR DAMAGES

Comes now Plaintiff, Justin Suico, by and through counsel; Matthew P. Cook, and states the following:

## INTRODUCTION AND JURISDICTION

1. This is an action for statutory damages brought by an individual consumer for violations of the the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et. seq.* ("FDCPA").

2. This Court has jurisdiction of the FDCPA claim under 15 U.S.C. §1692k(d).

3. Venue is appropriate in this Court because Defendants directed its illicit conduct at Plaintiff in Cook County, Illinois.

4. Plaintiff demands a trial by jury on all issues so triable.

## PARTIES

5. Plaintiff is a natural person currently residing in Cook County, Illinois. Plaintiff is a consumer within the meaning of the FDCPA. The alleged debt owed arises out of consumer, family and household transactions.

6. Defendant, Alpha Recovery Corp. ("ARC") is a foreign corporation with its principal place of business in Centennial, CO.

7. ARC is engaged in the collection of debts from consumers using the mail and telephone in

Illinois. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6).

8. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

## FACTS

9. The alleged debt from which Defendant attempts to collect is originally from Upgrade, Inc., an assignee of WebBank. The current creditor is Velocity Investments, LLC and they retained Defendant to collect on the alleged debt.

10. Defendant was attempting to collect a balance of $12,788 and had sent Plaintiff a dunning letter on December 5, 2019. This was the initial communication to Plaintiff.

11. Defendant was also leaving Plaintiff voicemail(s) whereby they said "Earl Suico...I'm with Alpha Recovery Corp and this is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose. Please return the call."

12. The voicemail(s) on Plaintiff's phone were heard by third-parties in violation of 15 U.S.C. §1692c(b).

13. In the middle of December 2019 the parties spoke on the phone.

14. Plaintiff asked if the payment would help his credit and Defendant advised that once you resolve the account that it would be a good thing and not paying it would look a lot worse on his credit.

15. Defendant also told Plaintiff that once he paid the account he will get a relief letter from them. Plaintiff could mail that relief letter to the credit bureaus and ask for a credit update.

16. Defendant's misrepresentations that once he paid it would either help his credit or that payment would somehow update his credit to show a positive tradeline were misleading, deceptive and false statements intended to deceive Plaintiff into paying on the alleged debt in violation of 15 U.S.C. §1692e.

17. Defendant told him that if could not afford to pay then it would go back to their client and they would take whatever collection efforts they need to get their money. This was a false threat that

implied the owner of the account would file a lawsuit.

18. Since the owner of the account did not intend to file a lawsuit on the matter the threat and statement was in violation of 15 U.S.C. §1692e(5).

19. During the start of the call Defendant offered Plaintiff a settlement offer of $7,643 but he had to pay by December 31or the settlement offer would expire.

20. Later during the call the employee who was speaking to Plaintiff transferred the call to his "supervisor" who was also the "settlement coordinator".

21. The "supervisor" then offered Plaintiff a better settlement offer of $6,500.

22. The parties spoke again around December 26, 2019.

23. During the second call Plaintiff asked if the $6,500 that the supervisor offered would still be good in January 2020 and if they would go lower then that amount.

24. Defendant indicated that they could possibly go lower depending on when he got the funds available and that the $6,500 settlement offer would still be good in January.

25. Defendant's statements that their settlement offer was time-sensitive was a misrepresentation because the same offer that expired in December was also good in January and was intended to deceive Plaintiff into paying on the alleged debt in violation of 15 U.S.C. §1692e.

26. Defendant's statements that their best settlement offer they could get was originally$7,643 then $6,500 and then possibly $6,000 was also a misrepresentation because they would continually go lower on their final and best offer.  The statements were intended to deceive Plaintiff into paying on the alleged debt in violation of 15 U.S.C. §1692e.

27. During the call Plaintiff told Defendant that he did not have the funds available and only had about two hundred dollars available.

28. Since Plaintiff did not have the $6,000 to pay the account in full, Defendant repeatedly attempted to set Plaintiff up on monthly payment of around $250, which was higher then what Plaintiff had available.

29. Defendant's repeated demands to set Plaintiff up on monthly post-dated payments of $250 (which was an amount greater then the funds he had available) and knowing that he did not currently have the funds was an unconscionable means in an attempt to collect an alleged debt in violation of 15 U.S.C. §1692f.

30. Defendant's collection attempts have caused Plaintiff to incur actual damages, attorney's fees, as well as emotional distress.

## COUNT I: VIOLATION OF THE FDCPA

31. Plaintiff re-alleges and incorporates by reference the above paragraphs.

32. Defendant regularly attempts to collect consumer debts asserted to be due to another and at all relevant times herein, was a "debt collector" as defined by 15 U.S.C. §1692a(6).

33. A single action on the part of the debt collector can violate multiple sections of the FDCPA.

34. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C §1692 *et. seq.* including, but not limited to the following:

    a. Made deceptive statements that were misrepresentations intended to deceive Plaintiff into paying on the alleged debt in violation of 15 U.S.C. §1692e;

    b. Left voicemail(s) that were heard by third-parties in violation of 15 U.S.C. §1692c(b);

    c. Utilized unconscionable means in an attempt to collect on an alleged debt in violation of 15 U.S.C. §1692f;

    d. Falsely implied that the owner of the account would file a lawsuit in violation of 15 U.S.C. §1692e(5).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA;

    B. Actual damages;

    C. Release of the alleged debt;

    D. Statutory damages, costs, litigation expenses and attorney's fees pursuant to 15 USC

    1692(k); and

E.  For such other relief as the Court may deem just and proper.

                      By:  /s/ Matthew P. Cook
                           Cook Law, LLC
                           Matthew P. Cook #6330871
                           Attorney for Plaintiff
                           2885 Sanford Ave SW #42270
                           Grandville, MI 49418
                           Phone:  314-200-5536
                           Email:  Cookmp21@yahoo.com